DAVID A. HUBBERT
Acting Assistant Attorney General

ALEXANDER E. STEVKO (CA Bar No. 301359)
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 683
Washington, D.C. 20044-0683
Telephone: (202) 616-2380
Facsimile: (202) 307-0054
Email: Alexander.Stevko@usdoj.gov

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF CALIFORNIA

GAGAN BHATIA,

    Plaintiff,

v.

UNITED STATES OF AMERICA,

    Defendant.
_____

UNITED STATE OF AMERICA,

    Third-Party Plaintiff

v.

HARINDER BHATIA; HARLEEN BHATIA; GAGANDEEP BHATIA; STANISLAUS COUNTY; JEFFREY SILBERMAN, trustee of the Jeffrey Silberman Trust 2011; SPARTAN TANK LINES, INC.; and GOLDEN PACIFIC BANK, NA.

    Third-Party Defendants.

Case No. 2:19-cv-02313-TLN-DB

**UNITED STATES OF AMERICA'S FIRST AMENDED ANSWER AND THIRD-PARTY COMPLAINT**

## ANSWER

The United States of America, by and through its undersigned counsel, answers

1

Plaintiff's complaint to quiet title. To the extent not specifically admitted below, the allegations are denied. Answering specifically the numbered paragraphs of the complaint and using the same paragraph numbering, the United States responds as follows:

## PARTIES

1. Plaintiff Gagan Bhatia ("Plaintiff") is an individual residing in the County of Stanislaus, in the State of California.

**ANSWER:** Admits.

2. Plaintiff is the owner of the real property commonly known as 1517 Morgan Road, Modesto, California (the "Property"), holding title to the Property in fee simple.

**ANSWER**: Admits that Plaintiff makes an ownership claim to the Morgan Road Property, and that Plaintiff and Harinder Bhatia at one point both held title to the Property. Denies any remaining allegations.

3. Defendant United States of America ("United States" or "Defendant") purports to hold a tax lien on the Property and is therefore a proper defendant under 28 U.S.C § 2410.

**ANSWER**: Admits that there are federal tax liens recorded against the Property. Admits that the United States may be named as a defendant in a quiet title action pursuant to 28 U.S.C. § 2410.

4. The tax lien held on the Property by the United States was based on the purported income tax obligations of Harinder Bhatia, a natural person having a current address of 8396 Waterwell Way, Tracy, California ("Harinder").

**ANSWER**: Admits that the federal tax liens on the property are for income tax liabilities of Harinder Bhatia. Denies the remaining allegations for lack of knowledge or information.

## JURISDICTION AND VENUE

5. The Court has jurisdiction over this action under 28 U.S.C § 2410 because Defendant has a lien on Plaintiff's Property, and 28 U.S.C § 2410 provides that the United States of America may be named as a party in any civil action in any state or federal court jurisdiction in order to quiet title to real or personal property on which the United States of America may have a claim of lien.

**ANSWER**: Admits that to the extent Plaintiff is bringing a suit only to quiet title and not for damages or to challenge the underlying tax assessments, 28 U.S.C. § 2410 provides a waiver of sovereign immunity and this Court would have jurisdiction over the claim. *See Shaw v. United States*, 331 F.2d 493, 496 (9th Cir. 1964). Denies there is any jurisdiction for the requested damages. *See* "Defenses," *infra*.

6. Venue is proper pursuant to 28 U.S.C. § 1391(e) because (1) the United States is the defendant; (2) a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this District; and (3) the real property which is the subject of this lawsuit is located within this District.

**ANSWER**: Admits.

## PERTINENT FACTUAL BACKGROUND

7. In or around December 2015, Plaintiff and Harinder entered into a verbal agreement to acquire the Property in order to develop a gas station thereon. Pursuant to such agreement, Plaintiff and Harinder each contributed approximately $100,000 of their own funds to purchase the Property for the aggregate sum of $200,000. Plaintiff and Harinder anticipated incurring costs in excess of $500,000 in rehabilitating and developing the Property, and they each agreed to pay 50% of the costs associated with such rehabilitation and development.

**ANSWER**: Admits that Plaintiff and Harinder acquired the property together. Denies the remaining allegations for lack of knowledge or information.

8. At the time the Property was acquired, it had been affected by significant fire damage, including complete destruction of the storefront, gas pumps and canopy structure previously located on the Property. The underground storage tanks located on the Property had also suffered leaks, which caused environmental contamination and required extensive remediation.

**ANSWER**: Denies for lack of knowledge or information.

9. In or around March 2016, Plaintiff and Harinder obtained a loan for $275,000 from Jeffrey Silberman, as Trustee of the Silberman Trust 2011, for the purpose of rehabilitating and developing the Property. Such loan was secured by a first priority deed of trust recorded against the Property.

**ANSWER**: Admits that Plaintiff and Harinder obtained a loan from Silberman in March of 2016. Denies the remaining allegations for lack of knowledge or information.

10. In or around July 2016, Plaintiff and Harinder obtained a loan for $165,000 from Spartan Tank Lines, Inc. for the purpose of rehabilitating and developing the Property. Such loan was secured by a second priority deed of trust recorded against the Property.

**ANSWER**: Admits the Plaintiff and Harinder obtained a loan from Spartan Tank Lines in July of 2016. Denies the remaining allegations for lack of knowledge or information.

11. In or around January 2017, Harinder represented to Plaintiff that he would not be able to pay his share of the cost of rehabilitating and developing the Property and that he would not be able to contribute to payment of the loans secured by the Property.

**ANSWER:** Denies for lack of knowledge or information.

12. Given that Harinder had agreed to make a contribution of one-half of the cost of the Property's repair and rehabilitation at the time of its acquisition and given that he was unable to

4

comply with this agreement, Harinder agreed to convey his interest in the Property to Plaintiff in exchange for a release of his obligation to contribute one-half of the funds needed for the Property's development and repair. Pursuant to such agreement between Harinder and Plaintiff, Harinder conveyed his one-half interest in the Property to Plaintiff in or around March 2017, before any rehabilitation and repair of the Property had taken place.

**ANSWER**: Denies for lack of knowledge or information.

13. On or around September 19, 2017, the United States, through its agents in the Internal Revenue Office located in the City of Stockton, recorded a Federal tax lien in the amount of $160,300.89 against the Property (the "First Tax Lien") in the Official Records of the County of Stanislaus based upon Harinder's purported unpaid income taxes.

**ANSWER**: Admits that the IRS recorded a tax lien for unpaid income tax assessments of Harinder against the Property with the Stanislaus County recorder. Denies the remaining allegations for lack of knowledge or information about the exact amount of the lien at the time of recording.

14. On or around June 25, 2019, the United States, through its agents in the Internal Revenue Office located in the City of Stockton, recorded a Federal tax lien in the amount of $390,907.47 against the Property (the Second Tax Lien") in the Official Records of the County of Stanislaus based upon the purported unpaid income taxes of Harinder. The Second Tax Lien was designated as applying to Plaintiff, as transferee of Harinder Bhatia".

**ANSWER:** Admits that the IRS recorded a transferee Notice of Federal Tax Lien in June of 2019 with the Stanislaus County recorder. Denies for lack of knowledge the exact amount of the lien at the time of recording.

15. Plaintiff is informed and believes and based thereon alleges that the Second Tax Lien is, in part, duplicative of amounts purported to be owing to the United States by Harinder under the First Tax Lien.

**ANSWER**: Admits that the transferee lien and other federal tax lien cover the same underlying tax assessment, but they apply to different named parties.

16. Plaintiff has no reason to believe that Harinder conveyed his half-interest in the Property with the intent to hinder, delay or defraud any of his creditors, including, without limitation, the United States.

**ANSWER**: Denies.

17. Plaintiff received Harinder's transfer of his one-half interest in the Property in good faith and for reasonably equivalent value.

**ANSWER**: Denies Harinder received reasonably equivalent value. Denies any remaining allegations for lack of knowledge or information.

18. Harinder has had no involvement whatsoever with the repair, maintenance and rehabilitation of the Property since transferring his one-half interest in the Property to Plaintiff in March 2017. Harinder has also had no involvement whatsoever with operating the gas station business on the Property once it was reopened. Accordingly, Harinder has not received any of the proceeds or profits from the gas station business operated by Plaintiff on the Property.

**ANSWER**: Denies for lack of knowledge or information.

### FIRST CAUSE OF ACTION-QUIET TITLE

19. Plaintiff re-alleges and incorporates by reference each and every allegation of paragraphs 1 through 18, as though fully set forth herein.

**ANSWER**: The United States re-alleges and incorporates by reference each of its answers to paragraphs 1 through 18.

6

20. Pursuant to 28 U.S.C. § 2410, the United States may be subject to a suit to quiet title to real property in which the United States claims a lien interest.

**ANSWER**: Admits.

21. Plaintiff is and at all times herein mentioned has been the owner of the Property and entitled to exclusive possession of the Property.

**ANSWER**: Admits that Plaintiff is at least co-owner of the property. Denies the remaining allegations.

22. Plaintiff is informed and believes and based thereon alleges that the United States claims an interest in the Property adverse to Plaintiff herein. However, the claim of the United States is without any right whatsoever, and the United States has no legal or equitable right, claim or interest or any kind in the Property.

**ANSWER:** Admits that the United States claims an interest in the Property based on its recorded tax liens. Denies the remaining allegations.

23. Plaintiff: (i) did not receive any interest in the Property pursuant to a fraudulent transfer from Harinder or any other person, (ii) is not holding any interest in the Property as a "nominee" for Harinder and (iii) is not acting as an "alter ego" for Harinder.

**ANSWER**: Denies.

24. As a consequence of the foregoing, the actions of the United States, or agents, in recording the First Tax Lien and Second Tax Lien against the Property were arbitrary, improper, unjust and unlawful.

**ANSWER**: Denies.

25. Plaintiff therefore seeks a declaration from this Court that title to the Property is vested in Plaintiff alone and that the United States be declared to have no estate, right, title or interest of any kind in the subject Property.

**ANSWER**: To the extent this paragraph contains a factual allegation to which the United States needs to respond, the United States denies that Plaintiff is entitled to the requested relief.

### DEFENSES

Lack of Jurisdiction Over Damages Claim: Plaintiff has only cited 28 U.S.C. § 2410 as a basis for this suit and the complaint includes only one claim, which is to quiet title. In the "prayer for relief" section, however, Plaintiff also seeks "compensatory, general, and special damages." This is an ambiguous request because § 2410 does not provide for damages. The only possible relevant statute providing for damages related to tax collection activities is 26 U.S.C. § 7433. Because Plaintiff does not cite this statute or include a separate claim for it, the United States is treating the complaint as not bringing such a claim.

To the extent Plaintiff is trying to bring a claim for damages under § 7433, however, the Court would lack subject matter jurisdiction over it. A party seeking damages for a wrongful collection action must exhaust administrative remedies. 26 U.S.C. § 7433(d)(1); 26 C.F.R. § 301.7433-1(d); *Conforte v. United States*, 979 F.2d 1375, 1377 (9th Cir. 1993).[1] Plaintiff has not pled anything about seeking administrative relief for damages, so the Court would lack jurisdiction over such a claim.

No Right To Jury Trial: Also, Plaintiff is not entitled to a jury trial in a suit brought pursuant to 28 U.S.C. § 2410. *See, e.g.*, *Harlan v. Sparks*, 125 F.2d 502, 506–07 (10th Cir.1942) (denying demand for jury trial in quiet title action); *United States v. McHan*, 345 F.3d 262, 275–

---

[1] In *Arbaugh v. Y&H Corp.*, 546 U.S. 500 (2006) the Supreme Court cautioned against conflating jurisdictional requirements and pleading requirements of a claim. After this decision, some other circuits have questioned whether *Conforte* is still good law with regard to holding that § 7433's administrative exhaustion requirement is jurisdictional. A number of unreported Ninth Circuit opinions have stated that it is. *See, e.g.*, *Joseph v. United States*, 517 F. App'x 543 (9th Cir. 2013); *Manant v. United States*, 498 F. App'x 752 (9th Cir. 2012); *see also Clark v. United States*, 462 F. App'x 719, 721 n.1 (9th Cir. 2011) (even if technically not jurisdictional, dismissal for failure to exhaust was proper). Even if § 7433(d) is not jurisdictional, it is still a requirement of the waiver of sovereign immunity, and so failure to comply with it is grounds for dismissal pursuant to Rule 12(b)(1).

8

76 (4th Cir. 2003) (jury trial not available for quiet title actions); *Gahn v. United States*, 1996 U.S. Dist. Lexis 9275, No. C95-1397D (W.D. Wash. June 19, 1996) (plaintiff was not entitled to a jury trial in an action brought under 28 U.S.C. § 2410(a)). To the extent Plaintiff maintains his jury demand, the United States will move to strike it.

WHEREFORE, the United States respectfully requests that the Court deny Plaintiff his requested relief and grant the United States further relief as the Court deems proper and just, including its costs in this proceeding.

## THIRD-PARTY COMPLAINT AGAINST HARINDER BHATIA, ET Al.

The United States complains and alleges as follows:

1. Pursuant to Federal Rule of Civil Procedure ("Rule") 14, the United States of America, brings this third-party claim to reduce federal income tax assessments against Harinder and Harleen Bhatia to judgment and for declaratory judgment pursuant to 26 U.S.C. § 7403 that federal tax liens attach to the real property located at 1517 Morgan Road, Modesto, California.

### JURISDICTION AND VENUE

2. The United States brings this counterclaim pursuant to 26 U.S.C. § 7401, and § 7403 at the direction of the Attorney General of the United States and at the request and with the authorization of the Associate Area Counsel of the Internal Revenue Service ("IRS"), a delegate of the Secretary of the Treasury.

3. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1340 and 1345 and 26 U.S.C. § 7402.

4. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391(b) and 1396 because it is the district in which Harinder and Harleen Bhatia reside, where the underlying tax liabilities at issue accrued, and where the real property at issue is located.

## DEFENDANTS

5. Harinder Bhatia is an individual residing within this judicial district. He is named as a defendant because he has unpaid tax liabilities that are the basis of this complaint and may claim an interest in the real property at issue.

6. Harleen Bhatia is an individual residing within this judicial district. She is the spouse of Harinder Bhatia and is named as a defendant because she has unpaid tax liabilities that are the basis of this complaint and may claim an interest in the real property at issue.

7. Gagandeep (or "Gagan") Bhatia is the brother of Harinder Bhatia and is named as a defendant pursuant to 26 U.S.C. § 7403 because he claims an interest in the real property at issue.

8. Stanislaus County is named as a defendant pursuant to 26 U.S.C. § 7403 because it may claim an interest in the real property at issue.

9. Jeffrey Silberman, as Trustee of the Jeffrey Silberman Trust 2011, is named as a defendant pursuant to 26 U.S.C. § 7403 because he may claim an interest in the real property at issue.

10. Spartan Tank Lines Inc. is named as a defendant pursuant to 26 U.S.C. § 7403 because it may claim an interest in the real property at issue.

11. Golden Pacific Bank, NA is named as a defendant pursuant to 26 U.S.C. § 7403 because it may claim an interest in the real property at issue.

## THE SUBJECT PROPERTY

12. This action seeks a judgment pursuant to 26 U.S.C. § 7403 that the United States has valid federal tax liens on certain real property ("the Subject Property") currently titled in the

name of Gagan Bhatia. The Subject Property is located at 1517 Morgan Road, Modesto, CA 95358, and its APN number is 086-001-031.

13. Harinder and Gagan Bhatia purchased the Subject Property on December 22, 2015.

14. On March 30, 2017, Harinder transferred his interest in the Subject Property to Gagan Bhatia for insufficient consideration.

## FEDERAL INCOME TAX ASSESSMENT

15. Harinder and Harleen Bhatia jointly filed their 2015 federal income tax return on October 21, 2016. Based on the self-reported amounts on the return, a duly authorized delegate of the Secretary of the Treasury of the United States timely made the following assessments against them:

| Tax Type | Tax Year | Assessment Date | Amount and Type of Assessment | Outstanding Balance as of April 30, 2021[2] |
|---|---|---|---|---|
| Form 1040 | 2015 | 11/28/2016<br>11/28/2016<br>11/28/2016<br>11/28/2016<br>04/09/2018<br>10/21/2019<br>10/21/2019<br>10/19/2020 | $311,854.00 – Tax<br>$27,834.97 – Late Filing Penalty<br>$4,948.44 – Late Payment Penalty<br>$3,806.48 – Interest<br>$46,875.00 – Late Filing Penalty<br>$64,244.94 – Interest<br>$72,840.45 – Late payment penalty<br>$23,386.09 – Interest | $546,538.88 |

16. Timely notice of and demand for payment of the assessments set forth in paragraph 15 has been made upon Harinder and Harleen Bhatia, as required by 26 U.S.C. § 6303.

---

[2] The outstanding balance amount in paragraph 15 includes accrued taxes, penalties, interest, payments, credits, and other adjustments through April 30, 2021.

17. Despite proper notice and demand for payment, Harinder and Harleen Bhatia have neglected, refused, or failed to fully pay the assessments against them described in paragraph 15.

18. Since the dates of the assessments described in paragraph 15, interest, penalties, and statutory additions have accrued and will continue to accrue, as provided by law. As of April 30, 2021, the outstanding balance of these assessments is $546,538.88.

19. Pursuant to 26 U.S.C. §§ 6321 and 6322, federal tax liens in favor of the United States arose on the dates of assessments and attached to all property and rights to property of Harinder and Harleen Bhatia.

20. To provide notice to third parties entitled to notice of the statutory liens under 26 U.S.C. § 6323, the IRS filed Notices of Federal Tax Lien with the Stanislaus County Recorder's Office as follows:

| Party | Tax Year | Recording Date |
|---|---|---|
| Harinder & Harleen Bhatia | 2015 | 09/19/2017 |
| Gagandeep Bhatia as transferee of Harinder Bhatia | 2015 | 06/25/2019 |

COUNT I: REDUCE FEDERAL INCOME TAX ASSESSMENT TO JUDGMENT

21. The IRS timely assessed federal income tax, interest, and penalties against Harinder and Harleen Bhatia as described in paragraph 15.

22. Despite proper notice and demand for payment, Harinder and Harleen Bhatia have not fully paid the federal income tax liabilities assessed against them. The unpaid balance remains due in the amount of $546,538.88. as of April 30, 2021, plus all interest and statutory additions accruing thereafter.

23. Pursuant to 26 U.S.C. § 7402(a), the United States is entitled to judgment against Harinder and Harleen Bhatia for the unpaid balance of the assessments described in paragraph 15, plus statutory interest and other additions accruing to the date of payment.

### COUNT II: DETERMINE THAT THE FEDERAL TAX LIENS AGAINST HARINDER AND HARLEEN BHATIA ATTACH TO THE SUBJECT PROPERTY

24. Harinder and Gagan Bhatia jointly purchased the Subject Property on December 22, 2015 for $203,000.

25. Pursuant to 26 U.S.C. § 6321 and 6322, a federal tax lien in favor of the United States and against Harinder and Harleen Bhatia arose on the date of assessment against them for their 2015 income tax liability, specifically on November 28, 2016.

26. By operation of law, the 2015 federal tax lien attached to all property owned by Harinder and/or Harleen Bhatia, including the Subject Property, at the time the lien arose, November 28, 2016. 26 U.S.C. § 6322.

27. The transfer of Harinder's interest in the Subject Property to Gagan on March 30, 2017 was not conducted through a judicial proceeding or other sale with notice to the IRS as prescribed in 26 U.S.C. § 7425. The transfer on March 30, 2017 therefore did not disturb the IRS's lien on the Subject Property, and Gagan took the Subject Property subject to the IRS lien.

28. To be valid against a purchaser, the federal tax lien arising pursuant to § 6321 must be recorded. 26 U.S.C. § 6323(a). A purchaser is a person who pays full and adequate consideration for an interest in property. 26 U.S.C. § 6323(h)(6).

29. Gagan Bhatia paid Harinder $20,000 to acquire Harinder's interest in the Subject Property on March 30, 2017. This was inadequate consideration and Gagan is therefore not a "purchaser" under § 6323.

30. Because Gagan was not a "purchaser," the tax lien against Harinder arising automatically at the time of assessment under §§ 6321-6322 is valid against him even though it was not recorded at the time Gagan acquired Harinder's interest in the Subject Property.

### COUNT III: DETERMINE THAT GAGAN BHATIA RECEIVED THE SUBJECT PROPERTY IN A FRAUDULENT TRANSFER SO THE SUBSEQUENTLY RECORDED FEDERAL TAX LIENS ATTACH

13

31. Pursuant to 26 U.S.C. § 6321 and 6322, federal tax liens in favor of the United States and against Harinder and Harleen Bhatia arose on the date of assessment against them for their 2015 income tax liability, specifically on November 28, 2016.

32. The IRS recorded a federal tax lien with the Stanislaus County recorder against Harinder and Harleen Bhatia on September 9, 2017. It recorded a transferee lien against Gagan Bhatia with the Stanislaus County Recorder on June 25, 2019.

33. Harinder and Gagan jointly purchased the Subject Property on December 22, 2015 for $203,000.

34. Harinder and Harleen filed their joint income tax return on October 21, 2016. They self-reported an unpaid tax liability of over $180,000, so they knew they owed a large debt to the IRS and that the IRS could record tax liens against them.

35. On March 30, 2017, Harinder transferred his interest in the Subject Property to Gagan for only $20,000. Gagan Bhatia claims he also provided Harinder consideration in the form of assumed debt, but there is no evidence that Harinder was released from any debt obligations.

36. The Stanislaus County assessor's office reported that for 2017-2018, the assessment value of the Subject Property was $417,930.

37. Harinder and Gagan share a joint bank account, and Harinder lives in property owned by Gagan.

38. Gagan Bhatia therefore received the Subject Property in a fraudulent conveyance because Harinder Bhatia transferred the Subject Property (1) with the intent to hinder, delay, and defraud creditors, including the United States; (2) without receiving reasonably equivalent value as consideration, and he knew or reasonably should have known that he had or would incur debts beyond his ability to pay as they became due; or (3) without receiving reasonably equivalent

value as consideration, and he made the transfer after becoming indebted to the United States and was insolvent at the time of the transfer or became insolvent as a result of the transfer. *See* Cal. Civ. Code § 3439.04. As a result, the tax liens against Harinder and Harleen Bhatia for tax years 2015 that were recorded after the transfer attach to the Subject Property. Cal. Civ. Code § 3439.07.

### COUNT IV: DETERMINE THAT GAGAN BHATIA HOLDS THE SUBJECT PROPERTY AS HARINDER BHATIA'S NOMINEE SO THE SUBSEQUENTLY RECORDED FEDERAL TAX LIENS ATTACH

39. In the alternative, Gagan Bhatia holds title to the Subject Property as the nominee of Harinder Bhatia.

40. Harinder and Gagan Bhatia jointly purchased the Subject Property on December 22, 2015 for $203,000.

41. Harinder and Harleen Bhatia filed their joint return 2015 income tax return on October 26, 2016. They self-reported an overall income tax of over $300,000 for 2015 and an unpaid balance of their tax liability over $180,000. They therefore knew they had a large debt and liens against them would arise.

42. Harinder transferred title in the Subject Property to Gagan on March 30, 2017. This was after Harinder and Harleen's 2015 tax liability was assessed but before the IRS formally recorded a tax lien against them.

43. The Stanislaus County assessor's office reported that the assessment value of the Subject Property for 2017-2018 was $417,930.

44. Gagan paid $20,000 for Harinder's interest in the Subject Property, plus he purportedly assumed debt from Harinder. But there is no evidence of Harinder being released from any debt obligations, and Gagan therefore did not pay full and adequate consideration for Harinder's interest in the Subject Property.

45.   Harinder and Gagan are brothers. Harinder lives in property owned by Gagan, and the two of them share a joint bank account and have been business partners. They therefore have a close familial and financial relationship.

46.   Gagan therefore holds title to the Subject Property as the nominee of Harinder, and the subsequently filed tax lien against Harinder for tax year 2015 attaches to the Subject Property.

The United States prays for judgment in its favor as follows:

A.   That the Court enter judgment in favor of the United States and against Harinder and Harleen Bhatia for the assessments for the 2015 tax year in the amount of $546,538.88, plus interest and statutory additions in accordance with 28 U.S.C. § 1961(c)(1) and 26 U.S.C. § § 6601 and 6621, which have accrued and will continue to accrue according to law from April 30, 2021 until judgment is paid, less any applicable credits and payments;

B.   Determine that the transfer to Gagan Bhatia did not disturb the federal tax liens for the 2015 tax year and that Gagan Bhatia was not a purchaser of the Subject Property and, as a result, the federal tax lien against Harinder and Harleen Bhatia for 2015 continues to attach to Harinder's one-half interest in the Subject Property and that the United States had a valid and subsisting lien against the Subject Property with priority over any competing interest of Gagan Bhatia.

C.   In the alternative, determine that Gagan Bhatia received Harinder's interest in the Subject Property in a fraudulent transfer and/or Gagan holds title to Harinder's one-half interest in the Subject Property as Harinder's nominee. The federal tax lien against Harinder and Harleen Bhatia for 2015 continues to attach to Harinder's one-half interest in the Subject Property and that the United States had a valid and subsisting lien against the Subject Property.

D.     That the Court award the United States its costs and other relief as is just and equitable.

Respectfully Submitted on May 7, 2021.

                                    DAVID A. HUBBERT
                                    Acting Assistant Attorney General

                                  */s/ Alexander Stevko*
                                  ALEXANDER STEVKO
                                  Trial Attorney, Tax Division
                                  U.S. Department of Justice

**CERTIFICATE OF SERVICE**

  I certify that on May 7, 2021, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all registered CM/ECF participants, including the following:

**Galen Micah Gentry**
Hughey Phillips LLP
Ggentry@hugheyphillipsllp.Com
*Attorney for Plaintiff*

             */s/ Alexander Stevko*
             ALEXANDER STEVKO
             Trial Attorney, Tax Division
             U.S. Department of Justice