UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GAGAN BHATIA,<br><br>    Plaintiff,<br><br>    v.<br><br>UNITED STATES OF AMERICA,<br><br>    Defendant. | No.  2:19-cv-2313 DAD DB<br><br>ORDER |

Plaintiff Gagan Bhatia commenced this action through counsel on November 15, 2019. (ECF No. 1.) On January 21, 2020, defendant United States of America ("United States") filed an answer. (ECF No. 5.) On August 24, 2023, defendant United States filed a motion for leave to serve a deposition subpoena via alternative means on Harinder Bhatia. (ECF No. 31.) The motion is before the undersigned pursuant to Local Rule 302(c)(1).[1]

Defendant's motion explains that "Harinder Bhatia's deposition is vital to the claims and counterclaims of the parties" to this action. (Def.'s Mot. (ECF No. 31) at 3.) Despite eight prior attempts, the United States has been unable to personally serve Harinder Bhatia. (Id. at 2.) Counsel for plaintiff does not oppose the motion. (Id.)

---

[1] Defendant is advised that the delay in resolving the motion was due to the motion not being noticed for hearing in compliance with Local Rule 251. The undersigned, however, has determined that the motion may be resolved without a hearing pursuant to Local Rule 230(g).

1

Federal Rule of Civil Procedure 45(b)(1) provides that "[s]erving a subpoena requires delivering a copy to the named person[.]"  However, after attempts at personal serve have been tried and failed, "[c]ourts are more inclined to grant [ ] alternative service" provided "the serving party has provided sufficient evidence of its earlier diligence in attempting to effectuate personal service."  Fujikura Ltd. v. Finisar Corp., Case No. 15-mc-80110-HRL (JSC), 2015 WL 5782351, at *5 (N.D. Cal. Oct. 5, 2015).

Pursuant to Rule 4, service may be accomplished by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made."  Fed. R. Civ. P. 4 (e)(1).  "Alternative service is permissible where said service is 'reasonably calculated to give actual notice to the party to be served.'"  Sendzul v. Hoag, Case No. CV 21-6894 RGK (KS), 2022 WL 2124903, at *2 (C.D. Cal. Apr. 14, 2022) (quoting Cal. Civ. Proc. Code § 413.30).  "The Supreme Court has long recognized that no one form of substitute service is favored over any other so long as the method chosen is reasonably calculated, under the circumstances of the particular case, to give the defendant actual notice of the pendency of the lawsuit and an opportunity to present his defense."  International Controls Corp. v. Vesco, 593 F.2d 166, 176 (2nd Cir. 1979).

"California law allows for alternative methods for service if a party diligently attempted personal service."  Hardy v. Moreno, Case No. 1:21-cv-037 ADA EPG (PC), 2022 WL 4667108, at *1 (E.D. Cal. Sept. 30, 2022); see also CNC Software, LLC v. Global Engineering Limited Liability Company, Case No. 22-cv-2488 TSH, 2022 WL 4137585, at *1 (N.D. Cal. Aug. 2, 2022) ("Courts in this district have authorized service by email under California Civil Procedure Code § 413.30.").

Here, the United States seeks to serve Harinder Bhatia "either through mail or by leaving the subpoena at his residence with a competent adult."  (Def.'s Mot. (ECF No. 31) at 6.)  Under the circumstances presented here, the undersigned finds good cause to grant defendant's motion.

////

////

////

## CONCLUSION

Accordingly, IT IS HEREBY ORDERED that defendant's August 24, 2023 motion for leave for alternative service (ECF No. 31) is granted.

Dated: March 5, 2024

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:6
DB\orders\orders.civil\bhatia2313.alt.serv.ord