1
2
3
4
5
6
7
8                    UNITED STATES DISTRICT COURT
9               FOR THE EASTERN DISTRICT OF CALIFORNIA
10

11   GAGAN BHATIA,                          No.  2:19-cv-2313-DAD-SCR
12                  Plaintiff,
13         v.                               FINDINGS AND RECOMMENDATIONS
14   UNITED STATES OF AMERICA,
15                  Defendant.
16

17   UNITED STATES OF AMERICA,
18                  Third-Party Plaintiff,
19         v.
20   HARINDER BHATIA, et al.,
21
22                  Third-Party Defendants.
23

24         Third-Party Plaintiff United States of America ("United States" or "Government") has
25   filed a motion for default judgment against Third-Party Defendants Harinder and Harleen Bhatia.
26   ECF No. 43.  The motion was taken under submission by the undersigned on September 27,
27   2024.  No opposition has been filed.  The motion for default judgment is before the undersigned
28   pursuant to Local Rule 302(c)(19).  The Court hereby recommends that the motion be

                                        1

1    GRANTED for the reasons set forth herein, and that the Clerk be directed to enter Judgment in

2    favor of the United States in the amount of $636,413.94 plus interest as determined by the

3    applicable statutes.

4                    **BACKGROUND and PROCEDURAL HISTORY**

5            Plaintiff Gagan Bhatia initiated this matter on November 15, 2019 by filing a complaint

6    against the United States.  ECF No. 1.  Plaintiff sought to quiet title to real property located at

7    1517 Morgan Road, Modesto, California (the "Property").  Plaintiff alleged that the United States

8    had placed two tax liens on the Property – the first in the amount of $160,300.89 and the second

9    in the amount of $390,907.47.  *Id.* at ¶¶ 13-14.  Plaintiff alleged the tax liens were "arbitrary,

10   improper, unjust and unlawful."  *Id*. at ¶ 24.  Plaintiff alleged that he and Harinder Bhatia

11   ("Harinder") had purchased the Property in December 2015, with plans to develop a gas station

12   on it.  *Id.* at ¶ 7.  Plaintiff claimed that in January of 2017, Harinder informed him that he would

13   not be able to pay his cost of rehabilitating half the Property and he conveyed his one half interest

14   to Gagan in March 2017.  *Id.* at ¶ 12.

15           The United States filed an amended answer and third-party complaint on May 7, 2021.

16   ECF No. 11.  The United States asserted third-party claims against seven third-party defendants,

17   including Harinder and Harinder's spouse (Harleen) (the "Bhatias").[1]  The United States alleged

18   that the Bhatias had not paid their tax liability for 2015—a tax liability assessed in 2016—and

19   under operation of law tax liens were created in favor of the Government.  ECF No. 11 at ¶¶ 15-

20   19.  The Government contends that Harinder transferred his interest in the Property for

21   "insufficient consideration" of $20,000 in March 2017.  *Id.* at ¶¶ 14, 28-29.  The Government

22   alleges the transfer of Harinder's interest was not done through judicial proceeding or other sale

23   with notice to the IRS and thus did not disturb the tax lien on the Property.  *Id*. at ¶27.  As of

24   April 2021, the Bhatias owed an outstanding balance on their federal taxes of $546,538.88.  *Id*. at

25   ¶¶ 15-16.  The United States sought to reduce this federal income tax assessment to judgment

26   pursuant to 26 U.S.C. § 7402(a).  *Id*. at ¶¶ 21-23.

27   _____

[1]  The third-party Bhatia defendants will be referred to hereafter by their first names for clarity,
28   and Harleen and Harinder referred to at times collectively as the Bhatias.

On August 22, 2023, the United States requested that the Clerk enter default as to Harinder and Harleen (ECF No. 29) and the Clerk did so (ECF Nos. 30 & 32). The United States dismissed some of the other third-party defendants. ECF Nos. 44 & 45. The United States moved for entry of default judgment as to Harinder and Harleen on August 28, 2024. ECF No. 43.

Gagan and the United States entered into a Stipulation to Judgment. ECF No. 47. Gagan and the United States also filed a Joint Status Report informing the Court that the Stipulation represents "a settlement with regard to the extent that the Lien encumbers the Property" and further stating that if the Court grants the motion for default judgment and enters judgment per the Stipulation, all remaining claims in the Complaint and Third-Party Complaint will be resolved. ECF No. 48. The undersigned ordered the United States to file a supplemental brief on the impact—if any—the stipulation and proposed judgment between Gagan and the United States would have on the proposed default judgment against the Bhatias. The United States filed that supplemental brief on May 22, 2025. ECF No. 51.

## LEGAL STANDARDS

Federal Rule of Civil Procedure 55(b)(2) governs applications to the court for default judgment. Upon entry of default, the complaint's well-pled factual allegations regarding liability are taken as true, while allegations regarding the amount of damages must be proven. *See Fair Housing of Marin v. Combs*, 285 F.3d 899, 906 (9th Cir. 2002); *Dundee Cement Co. v. Howard Pipe & Concrete Prods.*, 722 F.2d 1319, 1323 (7th Cir. 1983) (citing *Pope v. United States*, 323 U.S. 1 (1944); *Geddes v. United Fin. Group*, 559 F.2d 557 (9th Cir. 1977).

Where damages are liquidated, i.e., capable of ascertainment from definite figures contained in documentary evidence or in detailed affidavits, judgment by default may be entered without a damages hearing. *Dundee*, 722 F.2d at 1323. Unliquidated and punitive damages, however, require "proving up" at an evidentiary hearing or through other means. *Dundee*, 722 F.2d at 1323-24; *see also James v. Frame*, 6 F.3d 307, 310-11 (5th Cir. 1993).

Granting or denying default judgment is within the court's sound discretion. *Draper v. Coombs*, 792 F.2d 915, 924-25 (9th Cir. 1986); *Aldabe v. Aldabe*, 616 F.2d. 1089, 1092 (9th Cir.

3

1   1980).  The court considers a variety of factors in exercising its discretion.  *Eitel v. McCool*, 782

2   F.2d 1470, 1471-72 (9th Cir. 1986).  Among them are:

3       (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's
        substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at

4       stake in the action; (5) the possibility of a dispute concerning material facts; (6)
        whether the default was due to excusable neglect, and (7) the strong policy

5       underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

6   *Eitel*, 782 F.2d at 1471-72 (citing 6 Moore's Federal Practice ¶ 55-05[2], at 55-24 to 55-26).

7                                      **ANALYSIS**

8   **I.    Service**

9           The United States argues that the Court should enter default judgment against Harinder

10  and Harleen because despite proper service "and additional communications" they have never

11  appeared and the *Eitel* factors weigh in favor of default judgment.  ECF No. 43-1 at 2, 5-8.  The

12  United States contends that Harinder and Harleen were both properly served with the summons

13  and complaint on April 20, 2023.  ECF No. 26.  The United States filed returns of service.  ECF

14  No. 27.  The Clerk entered default as to Harinder on August 23, 2023, and as to Harleen on

15  September 15, 2023.  ECF Nos. 30 & 32.

16          There has been no challenge to the validity of service.  A return of service is prima facie

17  evidence of valid service.  *SEC v. Internet Solutions for Business, Inc.*, 509 F.3d 1161, 1166 (9th

18  Cir. 2007) (internal citation omitted).  A defendant may overcome this presumption only by

19  strong and convincing evidence.  *Id.*  The Court finds an adequate showing of service and will

20  proceed to the *Eitel* factors.

21  **II.   The *Eitel* Factors**

22          **A.  Possibility of Prejudice to the Plaintiff**

23          The first *Eitel* factor contemplates the possibility of prejudice to the plaintiff if a default

24  judgment is not entered.  *Eitel*, 782 F.2d at 1471.  Prejudice can be established where failure to

25  enter a default judgment would leave plaintiff without a proper remedy.  *Pepsico, Inc. v. Cal. Sec.*

26  *Cans*, 238 F.Supp.2d 1172, 1177 (C.D. Cal 2002).  The United States argues it will be prejudiced

27  if it cannot obtain judgment because it generally has 10 years to collect on a tax assessment (26

28  U.S.C. § 6502(a)(1)), but may collect on a judgment for 20 years (28 U.S.C. § 3201).  ECF No.

1  43-1 at 5-6.  On this basis, there is a real possibility of prejudice to Plaintiff absent default

2  judgment.  This first factor weighs in Plaintiff's favor.

3           **B.  Merits of Plaintiff's Substantive Claims and Sufficiency of the Complaint**

4           The second and third *Eitel* factors "relating to the merits of Plaintiffs' claims and the

5  sufficiency of the complaint, can be discussed in tandem."  *Ramirez v. Michael Cookson Const.*,

6  Inc., 2023 WL 4743050 (E.D. Cal. July 25, 2023) (internal citation omitted).  The United States

7  argues that it has sufficiently pled facts to show the tax assessment is proper and remains unpaid.

8  ECF No. 43-1 at 6.  As discussed above, the third-party complaint contains the factual allegations

9  concerning the Bhatias' 2015 federal income tax return and assessment.  ECF No. 11 at 11-12.

10 The Government pleads that as of the date of assessment, federal tax liens in favor of the United

11 States were created pursuant to 26 U.S.C. §§ 6321 and 6322, and the Government seeks to reduce

12 the assessment to judgment pursuant to 26 U.S.C. § 7402(a).

13          In a suit to reduce a tax assessment to judgment, the Government may satisfy its initial

14 burden of proof by introducing the assessment of taxes due.  *Oliver v. United States*, 921 F.2d

15 916, 919 (9th Cir. 1990).  The United States has submitted Form 4340 showing the Bhatias' 2015

16 tax year assessment, and such forms are evidence of the assessment.  ECF No. 43-3.  *See Hughes*

17 *v. U.S.*, 953 F.2d 531, 540 (9th Cir. 1992) (rejecting several evidentiary challenges to 4340 Forms

18 and stating they are "admissible evidence that valid assessments have been made"); *U.S. v.*

19 *Whitman*, 2013 WL 3968083, *4 (E.D. Cal. July 31, 2013) ("The Forms 4340 constitute a proper

20 means of establishing the facts of the administrative assessment and notice and demand for

21 payment").  The Government has also provided the Declaration of Suzanne Mitchell-Klent, a

22 Revenue Officer with the IRS stating that the amount owed for 2015 tax year including tax,

23 penalties, and interest is $636,413.94.  ECF No. 43-4.

24          The Court finds that the second and third *Eitel* factors, concerning the merits of the

25 substantive claims and the sufficiency of the complaint, weigh in favor of the entry of default

26 judgment.

27 ////

28 ////

### C.  Sum of Money at Stake

In weighing the fourth *Eitel* factor, "the court must consider the amount of money at stake in relation to the seriousness of the defendant's conduct."  *PepsiCo, Inc*., 238 F.Supp.2d at 1176-77.  The factor weighs against default judgment when a large sum of money is at stake.  *Eitel*, 782 F. 2d. at 1472.  Here, the United States seeks a judgment of over $600,000 in damages.  The United States argues that this factor does not weigh against the entry of default because it is simply seeking to reduce a tax liability to judgment and not seeking additional damages or fees.  ECF No. 43-1 at 7.  The Court finds the significant amount of over $600,000 weighs against the entry of default judgment.[2]

### D.  Possibility of Disputed Material Facts

The fifth *Eitel* factor examines whether a dispute regarding material facts exists.  *Eitel*, 782 F.2d. at 1471-72.  Here, Harinder and Harleen have not appeared in the action, or defended the action.  Generally, when a party fails to appear there is no possibility for a dispute of material fact.  *See Elektra Entm't Group, Inc. v. Crawford*, 226 F.R.D. 388, 393 (C.D. Cal. 2005) ("Because all allegations in a well-pleaded complaint are taken as true after the court clerk enters default judgment, there is no likelihood that any genuine issue of material fact exists").  The United States offers very little argument on this point, contending that there is little possibility of a dispute of fact because the tax assessment is based on information reported by the Bhatias.  ECF No. 43-1 at 7.  The Court concludes there is not a likelihood of a dispute regarding material facts, and accordingly, this factor weighs in favor of the entry of default judgment.

### E.  Whether the Default Was Due to Excusable Neglect

The sixth *Eitel* factor considers whether a defendant's failure to answer is due to excusable neglect.  *Eitel*, 782 F.2d at 1471-72.  This factor considers due process, ensuring a defendant is given reasonable notice of the action.  *See Mullane v. Central Hanover Bank & Trust*

---

[2]  The Court acknowledges that some courts have found even larger amounts in the context of tax liability to not weigh against default judgment.  *See O'Brien v. United States*, 2010 WL 3636171, *4 (D. Nev. Sept. 9, 2010) ("While the amount of money at stake is large in this case, the United States is only asking for judgment for the unpaid taxes and interest … Therefore, this factor does not weigh against granting the United States a default judgment.").

1    *Co.,* 339 U.S. 306, 314 (1950).  Here, the Bhatias were served with a copy of the summons and

2    complaint in April 2023 and proof of service filed.  Additionally, the motion for default judgment

3    was served on the Bhatias.  ECF No. 43 at 3.  Counsel for the Government contacted Harinder in

4    August 2023 via phone and text message.  ECF No. 43-2 at ¶¶ 2-3.  Harinder was even deposed in

5    October 2023.  *Id.* at ¶ 5.  Gagan, who initiated this action in 2019, is Harinder's brother.  *Id.* at ¶

6    7.  Under these circumstances, it is inconceivable that the Bhatias' failure to defend the action

7    was the result of excusable neglect.  *Shanghai Automation Instrument Co., Ltd. v. Kuei*, 194

8    F.Supp.2d 995, 1005 (N.D. Cal. 2001) (finding no excusable neglect because the defendants were

9    served with the complaint, the notice of entry of default, as well as the papers in support of the

10    instant motion).  The Bhatias have been well aware that this action was pending for years and

11    have not defended the action.  This factor weighs in favor of entry of default judgment.

12    **F.  Policy of Deciding Cases on the Merits**

13    The seventh *Eitel* factor considers the courts' general disposition favoring judgments on

14    the merits.  *Eitel* 782 F.2d at 1472.  The Bhatias failure to appear has made a judgment on the

15    merits of the Government's claim against them impossible.  Accordingly, although the policy in

16    favor of deciding cases on the merits weighs against entry of default judgment, it does not weigh

17    strongly.

18    **III.    Terms of Judgment**

19    The undersigned having found default judgment is appropriate, must now address the

20    amount of the judgment.  After considering the Government's briefing and the record in this case,

21    the undersigned recommends an award of $636,413.94 as of July 17, 2024, plus interest as

22    allowed by law.[3]  As discussed above, the Government submitted the 4340 Forms and the

23    declaration of Revenue Officer Mitchell-Klent in support of the calculation of damages.

24    **CONCLUSION**

25    The decision of whether to enter default judgment ultimately rests in the Court's

26    discretion.  *NewGen, LLC v. Safe Cig, LLC*, 840 F.3d 606, 617 (9th Cir. 2016) ("While there is

27

28    [3]  The United States' proposed judgment states such interest should be pursuant to 26 U.S.C. § 6601.  ECF No. 51-1.

room to disagree whether default was warranted, our role is not to second guess the district court's weighing of the *Eitel* factors."). The Court has considered all the *Eitel* factors. "Of all the *Eitel* factors, courts often consider the second and third factors to be the most important." *Ramirez v. Michael Cookson Const., Inc.*, 2023 WL 4743050 (E.D. Cal. July 25, 2023) (internal quotation and citation omitted). As discussed above, the Court finds that those two factors weigh in favor of the entry of default judgment. Moreover, the totality of the *Eitel* factors weigh in favor of the entry of a default judgment for the United States.

      **IT IS HEREBY RECOMMENDED** that:

1. Plaintiff's motion for default judgment (ECF No. 43) be **GRANTED**; and

2. Judgment be entered in favor of the United States in the amount of $636,413.94 plus additional interest as provided by 26 U.S.C. § 6601.

      These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). **Within fourteen (14) days** after these findings and recommendations are filed, any party may file written objections with the court. A document containing objections should be titled "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within 14 days after service of the objections. The parties are advised that failure to file objections within the specified time may, under certain circumstances, waive the right to appeal the District Court's order. *See Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

Dated: May 23, 2025

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE